## Frank J. BAUDANZA

v.

## James MOOD.

Supreme Judicial Court of Maine.

Argued June 4, 1985.

Decided Aug. 2, 1985.

Harmon, Jones & Sanford, Robert C. Perkins (orally), John J. Sanford, Camden, for plaintiff.

Petruccelli, Cohen, Erler & Cox, Andrew G. Siket (orally), Christopher T. Katucki, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Plaintiff Frank J. Baudanza appeals from a judgment in favor of the defendant, James Mood, entered in Superior Court, Knox County, notwithstanding the jury verdict. Baudanza contends that the evidence supports the jury finding that Mood was liable for $13,752 worth of lobsters sold and delivered by Baudanza. In addition, Baudanza argues that Mood failed to raise any appropriate statute of frauds defense prior to trial. Because we agree with the plaintiff, we vacate the judgment and remand for entry of judgment in accordance with the verdict.

In the spring of 1981, Frank Baudanza, a lobster wholesaler, was approached by Frank Cushing to supply lobsters to a Portland business called Island Seafood, Inc. The parties stipulated that the business was duly incorporated in Maine with James Mood as its president. In approximately July of 1981, Baudanza apparently telephoned James Mood who resides in Canada and explained his reluctance to deal with Cushing because of a prior loss in a business deal. Baudanza testified that Mood led him to believe that Mood, not Cushing, was responsible for the company. Baudanza said that during this conversation an agreement was reached concerning the ordering of lobsters by Cushing and the de-

livery of lobsters by Baudanza to Island Seafood. He further testified that the parties agreed that Mood would be responsible for payment. Mood denied that any such conversation occurred.

Over a period of a year and a half, Baudanza sold about $900,000 worth of lobsters in seventy deliveries to Island Seafood. Each delivery invoice stated "sold to: Island Seafood" and "shipped to: Frank Cushing." Payment was made by check under the signature of Frank Cushing with the legend "Island Seafood, Inc." imprinted on its face. When check payments were not honored by the bank, Baudanza testified that he telephoned Mood who would advise Baudanza to redeposit the check and it would be honored. Mood never sent Baudanza any money nor did he send Cushing money to cover any dishonored checks. The subject of the present suit is a delivery in October, 1982, of lobsters valued at $13,-572 for which Baudanza was never paid.

Throughout the pretrial proceedings Mood insisted that Baudanza was attempting to hold Mood liable for the corporate debt of Island Seafood, Inc. For that reason Mood objected to the scheduling of the case for jury trial on the ground that Baudanza was seeking equitable relief. At trial, however, the issue submitted to the jury was whether Mood in his individual capacity contracted to purchase the shipment of lobsters in question. After a jury verdict in favor of Baudanza, the trial court granted Mood's motion and entered judgment in favor of the defendant. The court ruled that Baudanza had failed to establish a contract between Mood and Baudanza.

■ Baudanza asserts that the trial court erred in granting the motion for judgment notwithstanding the verdict. We agree. We review the record to determine whether the jury verdict can be sustained on any reasonable view of the evidence giving the successful party the benefit of every justifiable inference. *Zamore v.*

*Whitten,* 395 A.2d 435, 439 (Me.1978); *Rand v. B.G. Pride Realty,* 350 A.2d 565, 566 (Me.1976). We recognize that the jury could have believed Mood's denial and that the documentary evidence weighed in Mood's favor. The jury was entitled, however, to believe Baudanza. His testimony was sufficient to establish an executory contract between Mood and Baudanza for the purchase of the lobsters.

■ Mood argues that the statute of frauds bars this action. Baudanza replies that Mood cannot rely upon this defense because he failed to raise it as an affirmative defense before trial. Again, we agree with Baudanza. M.R.Civ.P. 8(c) requires that the statute of frauds be raised as an affirmative defense unless it affirmatively appears from the complaint that a contract within the terms of the statute is oral. *See O'Halloran v. Oechslie,* 402 A.2d 67, 69 n. 1 (Me.1979); Field, McKusick & Wroth, *Maine Civil Practice,* § 8.19 (2nd Ed.1970 and Supp.1981). It does not appear from the complaint in this case that the contract was oral. We express no opinion upon the validity of Mood's defense. We determine only that Mood cannot rely on any statute of frauds defense because he failed to raise the issue as an affirmative defense.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of judgment in accordance with the jury verdict.

Costs to appellant.

All concurring.